UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JORDAN COMBS, doing business as )
COMBS FARMS, )
)
      Plaintiff, )
)
v. ) No. 3:17-CV-121-HBG
)
SPRING CREEK PRODUCE, LLC, )
)
      Defendant. )

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 19].

Now before the Court is Plaintiff's Motion to Remand [Doc. 5]. The Defendant has responded in opposition [Doc. 11] to the Motion. The parties appeared telephonically before the Court on July 10, 2017, for a motion hearing. Attorney Thomas Leveille appeared on behalf of the Plaintiff. Attorney Jason Klinowski appeared on behalf of the Defendant. Accordingly, for the reasons more fully set forth below, the Plaintiff's Motion [**Doc. 5**] will be **GRANTED**. This case will be **REMANDED** to the Chancery Court of Grainger County, Tennessee.

**I. BACKGROUND**

The Plaintiff filed the instant action in the Chancery Court of Grainger County, Tennessee. [Doc. 1-2]. The Complaint alleges that the Plaintiff grows fruits and vegetables in Grainger County. [*Id.* at ¶ 3]. The Defendant purchases vegetables and fruits and resells them to various retailers. [*Id.* at ¶ 4]. The Complaint continues that the Defendant purchased produce from the Plaintiff in October 2015. [*Id.* at ¶ 5]. Following this sale, the Plaintiff and the Defendant entered

1

into an oral agreement in which the Defendant agreed to purchase produce from the Plaintiff during the 2016 growing season. [*Id.* at ¶ 6]. The Complaint states that as part of the parties' oral agreement, the Defendant agreed to purchase and install at Combs Farms industrial walk-in coolers, and the Defendant would receive a credit against purchases of produce for the expense of the coolers. [*Id.* at ¶ 7]. The Complaint alleges that beginning in June 2016, the Defendant placed two of its employees to work on the premises of Combs Farms to accept deliveries of produce into the coolers. [*Id.* at ¶ 9]. The Complaint states that the Defendant's representatives maintained exclusive control over the coolers once the deliveries of produce began. [*Id.* at ¶ 11].

The Complaint alleges that Defendant's representatives informed the Plaintiff that the Defendant would pay a minimum of $1.00 per box over the United States Department of Agriculture's prices for each item of produce. [*Id.* at ¶ 15]. The Complaint continues that the Plaintiff delivered the produce between June and October 2016. [*Id.*]. The Complaint states that the Defendant began making payments to the Plaintiff in August 2016 and that the Defendant received credit for all expenses related to the coolers. [*Id.* at ¶¶ 14, 16]. The Complaint alleges that the Defendant began to fall behind on its payments and currently owes $626,850.10 for the produce that Plaintiff delivered. [*Id.* at ¶¶ 17-18]. The Complaint requests that the Plaintiff be awarded a money judgment against the Defendant in an amount up to and including $626,850.10 and that the Plaintiff be awarded pre-judgment and post-judgment interest. [*Id.* at 6].

Relevant to the instant Motion, the Defendant removed this action on April 3, 2017, claiming that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, 1446. [Doc. 1]. On May 2, 2017, the Plaintiff moved to remand this case.

## II.     POSITIONS OF THE PARTIES

The Plaintiff's Motion [Doc. 5] asserts that the Court does not have jurisdiction under the well-pleaded complaint rule and that the Plaintiff has only pled a state law cause of action. The Plaintiff states that while the Notice of Removal asserts that the civil action arises under the Perishable Agricultural Commodities Act of 1930 ("PACA"), the Complaint does not reference PACA or any federal law. The Plaintiff argues that federal preemption provides an exception to the well-pleaded complaint rule but that PACA, by its own terms, does not provide for preemption. The Plaintiff asserts that there is no substantial federal question in this case that warrants removal. The Plaintiff continues that the presence of a defense based on federal law is insufficient to confer federal jurisdiction and will not provide a basis for removal. Further, the Plaintiff contends that the reference to the United States Department of Agriculture ("USDA") market report price in the Complaint is simply a reference to a federal unit of measurement and would not require the state court to interpret any provision of federal law. The Plaintiff continues that the artful pleading doctrine does not apply to this case as a basis for bringing the case within federal question jurisdiction. Finally, the Plaintiff states that he is entitled to attorney's fees and costs upon remand of this case to state court.

The Defendant responds [Doc. 11] that the well-pleaded allegations of the Complaint invoke a federal claim under PACA. The Defendant disagrees with the Plaintiff's characterization of the Complaint as alleging a state cause of action for breach of oral contract and states that the Complaint does not cite a cause of action. The Defendant continues that the substance of the Complaint reveals allegations covered by PACA. The Defendant contends that the Complaint and the calculation of the Plaintiff's alleged damages involve the Court's interpretation of federal

claims. The Defendant states that the Complaint alleges a violation of a PACA-imposed duty. Further, the Defendant argues that the true nature of the Plaintiff's allegations arise under PACA.

The Defendant continues that even if the Court does not find that the Plaintiff's well-pleaded allegations state a claim under PACA, several exceptions to the well-pleaded complaint rule apply to invoke the Court's jurisdiction. The Defendant states that PACA preempts state law to the extent state law conflicts with PACA. In addition, the Defendant states that removal was appropriate under the artful pleading doctrine. The Defendant also contends that the Complaint raises substantial federal questions that justify removal. The Defendant argues that the cause of action necessarily raises a disputed federal issue, the federal interest in resolving this PACA claim is substantial, and that the Court's exercise of jurisdiction would not disturb the balance of federal and state court power. Finally, the Defendant asserts that costs and attorney's fees are not warranted in this case.

## III. ANALYSIS

The Court has considered the parties' positions, and the Court finds the Plaintiff's request well-taken. As an initial matter, the Defendant asserts that the Complaint fails to cite a cause of action. In several footnotes, the Defendant explains that it did not seek dismissal in state court because motions to dismiss are not designed to correct inartfully worded pleadings. It is unclear whether the Defendant is raising this issue in its Response. Given that the Court will remand this case, however, the Court declines to address the Defendant's argument.

As mentioned above, the Defendant argues that the well-pleaded allegations of the Complaint invoke a federal claim under PACA. In addition, the Defendant asserts that even if the Court does not find that the Plaintiff's well-pleaded allegations state a claim under PACA, several

exceptions to the well-pleaded complaint rule apply to invoke the Court's jurisdiction. The Court will discuss each of these arguments and then address the Plaintiff's request for attorney's fees.

### A. Well-Pleaded Complaint Rule

The Defendant asserts that the Plaintiff cannot avail himself of the well-pleaded complaint rule because the Complaint is not "well-pleaded." The Defendant continues that the substance of the Complaint reveals allegations under PACA.

If the requirements for diversity jurisdiction are not met, a defendant may remove a case to federal court if the complaint establishes federal question jurisdiction via the well-pleaded complaint rule. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). The well-pleaded complaint rule provides that federal jurisdiction exists when the plaintiff presents a federal question on the face of the complaint. *Caterpillar Inc.*, 482 U.S. at 392. The well-pleaded complaint rule "makes the plaintiff master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*. The burden of proving jurisdiction falls on the party seeking removal and that, due to federalism concerns, removal statutes must be narrowly construed. *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Further, "[t]o remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson Cnty. Ala. v. Acker,* 527 U.S. 423, 430-31 (1999).

Here, the Complaint does not reference any federal causes of action. The Defendant emphasizes six allegations, arguing that they relate to PACA. [Doc. 11 at 3]. For instance, the Defendant underscores the Plaintiff's use of the term "grower" in the Complaint and states that "grower" is defined by PACA. In addition, the Defendant asserts that the Plaintiff's allegations

utilize certain phrases that are defined by PACA. [*Id.* at 3-4]. The Court finds that simply using terms that are defined by federal law does not equate to the Plaintiff alleging a violation of federal law. The Defendant further asserts that the Plaintiff relies on the prices set by the USDA market reports. The Court finds this argument not well-taken. As explained in *Hill v. Pikeville Med. Ctr., Inc.*:

> As the Sixth Circuit said in a related context, "[i]f a case could be deemed to 'arise under' federal law—and thereby invoke federal jurisdiction—*any time* the litigation involves the interpretation of a provision in the federal tax code," then cases like *Grable* "would be meaningless insofar as they attempt to define" the limits of such jurisdiction. The same applies when a contract merely refers to a provision in a federal regulation.

No. CV 16-276-ART, 2017 WL 690535, at *4 (E.D. Ky. Feb. 21, 2017) (quoting *Mikulski*, 501 F.3d at 572–73). The Defendant states that *Hill* is distinguishable from the instant matter. The Defendant explains that in *Hill,* the only basis for removal was the fee schedule values were determined by a federal program and that in the instant matter, there are multiple bases for removal. As explained below, the Court disagrees. Accordingly, the Court finds that the Complaint does not state a federal cause of action.

### B. Exceptions

There are several exceptions to the well-pleaded complaint rule, including (1) preemption, (2) the artful pleading doctrine, and (3) the substantial-federal-question doctrine. *Mikulski*, 501 F.3d at 560. The Defendant argues that all three exceptions apply.

#### 1. Preemption

The Defendant asserts that PACA preempts state law to the extent that state law conflicts with PACA. The Defendant argues that the Plaintiff's attempts to impose obligations and rights in produce transactions conflict with the obligation and duties specified under PACA. The

6

Defendant states that PACA provides a comprehensive scheme defining the roles of growers, dealers, brokers, and so forth and that PACA explains the duties and responsibilities of those involved in buying and selling produce. The Defendant asserts that given the absence of controlling Tennessee law and the presence of a comprehensive statutory scheme that governs every issue underlying the Complaint, federal preemption bars the state law claim.

The Supreme Court has provided for removal of a state court claim into federal court where there is a federal statute that completely preempts the state law cause of action. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). Complete preemption is only found when the relevant federal statute provides the exclusive cause of action for the claim at issue and offers governing procedures and remedies for that cause of action. *Mikulski*, 501 F.3d at 564. Due to this strict requirement, the Supreme Court has only found complete preemption in three statutes: the Labor Management Relations Act, ERISA, and the National Bank Act. *See Dillon v. Medtronic, Inc.*, 992 F. Supp. 2d 751, 758 (E.D. Ky. 2014). "[T]he Sixth Circuit has only expanded this doctrine twice." *Id.* (citing *Ritchie v. Williams,* 395 F.3d 283, 286–87 (6th Cir. 2005) (Copyright Act); *Gibson v. Am. Bankers Ins. Co.,* 289 F.3d 943, 949–50 (6th Cir. 2002) (National Flood Insurance Act)).

There are two other types of preemption: conflict preemption and implied preemption. Conflict preemption occurs when a state law actually conflicts with a federal law. *Garcia v. Wyeth-Ayerst Labs.*, 385 F.3d 961, 965 (6th Cir. 2004); *Byars v. Greenway*, No. 14-1181, 2014 WL 7335694, at *2 (W.D. Tenn. Dec. 19, 2014). Implied preemption occurs when a federal law so thoroughly occupies a legislative field as to make a reasonable inference that Congress left no room for States to supplement it. *Garcia*, 385 F.3d at 965.

In the instant matter, the Court finds complete preemption inapplicable. PACA provides, "[T]his section shall not in any way abridge or alter the remedies now existing at common law or by statute, and the provisions of this chapter are in addition to such remedies." 7 U.S.C. § 499e(b); *see also Jacobs Silver K Farms, Inc. v. Taylor Produce, LLC*, 101 F. Supp. 3d 962, 971 (D. Idaho 2015) ("Other courts have likewise held that the broad remedial statement in 7 U.S.C. § 499e(b) and the policy behind the statute support the finding that the rights and remedies available at common law are preserved under PACA."). The Defendant distinguishes *Jacobs* by asserting that the discussion of PACA preemption was only in reference to whether additional state law claims could be brought along with a PACA claim. [Doc. 11 at 10]. Here, however, the Plaintiff chose to file a state claim, and the Court will not force the Plaintiff to litigate a claim that he did not file under the guise of preemption.

With respect to conflict preemption, the Court notes that the Defendant does not explain how state law conflicts with PACA, other than to assert, "PACA preempts any such state law claim." [Doc. 11 at 8]; *see State Farm Bank v. Reardon,* 539 F.3d 336, 342 (6th Cir. 2008) (explaining that conflict preemption refers to circumstances "where compliance with both federal and state regulations is a physical impossibility, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress"). The Defendant has simply not explained how compliance with PACA and state law is a physical impossibility, nor has it explained how state law is an obstacle to PACA's objectives. *See C.H. Robinson Co. v. Global Fresh, Inc.,* No. CV-08-2002, 2010 WL 11515522, at *4 (D. Ariz. Jan. 22, 2010) ("Rather than replacing traditional precepts of contract law, as a general matter, PACA creates an alternative remedy.").

Further, with respect to implied preemption, the Defendant explains that PACA provides "a comprehensive scheme governing every issue underlying Plaintiff's complaint." [Doc. 11 at 9]. Again, the Defendant does not explain how PACA's "comprehensive scheme" governs any issue raised in the Complaint. *See Garcia,* 385 F.3d at 965 (noting that the district court properly noted that in "analyzing implied preemption, a court must begin with the assumption that a state law is valid and should be reluctant to resort to the Supremacy Clause"). To be sure, the Defendant emphasizes that the Complaint uses certain terms that are defined in PACA and alleges violations of PACA-imposed duties. Such arguments, however, are insufficient in establishing that PACA so thoroughly occupies a legislative field as to make a reasonable inference that Congress left no room for States to supplement it. Accordingly, the Court does not find preemption.

2. **Artful Pleading Doctrine**

The Defendant asserts that removal is appropriate under the artful pleading doctrine. It continues that the Plaintiff's factual foundation of the purported state-law claim will center on the rights and obligations provided for under PACA.

The artful pleading doctrine allows for removal to a federal court if the plaintiff "artfully pleads state-law claims that amount to federal-law claims in disguise." *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 530 (6th Cir. 2010); *see also Swartz v. Oracle Corp.,* 787 F. Supp. 2d 686, 691 (N.D. Ohio 2011) ("This doctrine of 'artful pleading' does not convert legitimate state claims into federal ones, but uncloaks the suit's federal character."). However, the "artful pleading doctrine does not apply whenever it is possible to construe a state-law theory as a federal one." *Brunner*, 629 F.3d 527. The purpose of the doctrine is to provide for removal in circumstances where federal law completely preempts state law. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 471 (1998); *see also Caterpillar Inc.*, 482 U.S. at 397 n. 11 (explaining that most cases confine

9

this doctrine to areas of the law preempted by federal substantive law) (other citations omitted). As explained in *Dillon*, "What, if any, independent work this doctrine does, however, remains a mystery." 992 F. Supp. 2d at 758; *but see Berera v. Mesa Medical Group*, 779 F.3d 352, 360 (6th Cir. 2015) (explaining that preemption and the artful pleading doctrine are closely aligned but separate exceptions). In addition, the "doctrine might also encompass 'situations in which federal issues are embedded within state law causes of action . . .'" *Dillion,* 992 F. Supp. 2d at 758 (quoting Wright & Miller § 3722.1).

The Court finds the artful pleading doctrine inapplicable. *See Magic Chef, Inc. v. International Molders & Allied Workers Union,* 581 F. Supp. 772, 776 (E.D. Tenn. 1983) ("The fact that a plaintiff has both state and federal remedies does not mean that he must state his federal claim."). The Defendant has not sufficiently explained why the artful pleading doctrine applies in this case, other than to assert, in a conclusory fashion, that Plaintiff's purported state law claims will center on the rights and obligations provided under PACA. Further, the Court notes that PACA contains an explicit provision that it does not abridge or alter other remedies. *See* 7 U.S.C. § 499e(b); *see also Mikulski*, 501 F.3d at 563 ("Furthermore, neither this section of the statute nor the Act itself contains any indication that Congress intended it to be the exclusive remedy for a fraudulent overstatement of taxable dividend distributions, so the plaintiffs' claims do not necessarily state a federal claim."). Accordingly, the Court finds the Defendant's argument not well-taken.

### 3. Substantial Federal Question

The Defendant argues that the Plaintiff's cause of action necessarily raises disputed federal issues, the federal interest in resolving the PACA claim is substantial, and the Court's exercise of jurisdiction would not disturb the balance of federal and state court power.

The Supreme Court has held that the cause of action must not only be a contested federal issue but also a substantial one. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.* 545 U.S. 308, 313 (2005). A substantial federal question is present only when a state-law claim "turns on a disputed and substantial federal issue." *Brunner,* 629 F.3d at 531. There are three factors to consider with respect to the substantial federal question doctrine: (1) the claim must necessarily raise a disputed federal issue, (2) there must be a substantial federal interest in the issue, and (3) the exercise of jurisdiction must not disrupt the federal-state balance of judicial responsibilities. *Mikulski*, 501 F.3d at 568.

As to the first factor, the Plaintiff does not state a federal issue in the Complaint. *See* [Doc. 1-2]. Furthermore, the loose relation to PACA, mentioned by the Defendant, focuses on definitional and licensing concerns. Such concerns are not issues on which the Plaintiff's claim is based, and therefore, do not amount to a disputed federal issue in this case.

With respect to the second factor, the Supreme Court has recognized several aspects of an issue that affect the substantiality of a federal interest, such as (1) whether it involves a federal agency, and whether that agency's compliance with the statute is in dispute, (2) whether the federal question is important (non-trivial), (3) whether the court's decision on that question will resolve the case, and (4) whether the court's decision on the question will be controlling on numerous other cases. *Mikulski*, 501 F.3d at 570 (citing *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700 (2006)).

In the present matter, the Defendant acknowledges that the first factor is not relevant because this case does not involve a federal agency's compliance with a federal statute. [Doc. 11 at 14]. Further, the Court finds that the federal issues, if any, are quite trivial. Moreover, while the Defendant asserts that the federal issues are important, the Defendant does not specifically

identify any federal issues. With respect to the third factor, the Defendant argues that the "parties' rights and duties under PACA are determinative as to whether the Plaintiff will ultimately prevail in his cause of action." [Doc. 11 at 15]. The Defendant does not explain what "rights" or "duties" will be determinative in this case. Finally, because the Defendant has not identified a federal question, the Court finds that the fourth factor does not weigh in the Defendant's favor.

As to the final element of the substantial-federal-question doctrine, even if the issues were of substantial federal interest, the Court finds that federal jurisdiction over this lawsuit would likely disrupt the congressionally approved balance of state and federal judicial responsibilities. While the Court acknowledges that PACA contains a private right of action, the Plaintiff has specifically chosen not to allege a PACA claim and simply relies on a breach of contract theory. *See Hill*, 2017 WL 690535, at *4 ("The state courts conduct the bulk of the nation's contract law."). Accordingly, the Court finds that the Complaint does not raise substantial federal questions.

### C. Awarding of Attorney's Fees

As mentioned above, the Plaintiff requests attorney's fees. The Defendant opposes such request and argues that attorney's fees are not warranted.

The Court may require the payment of just costs and actual expenses, including attorney's fees at its discretion pursuant to 28 U.S.C. § 1447(c). In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005), the United States Supreme Court granted certiorari expressly "to determine the proper standard for awarding attorney's fees when remanding a case to state court" under the discretionary language used in the statute. The Court provided the following guidance:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding

> fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Id.* The Court may exercise its discretion and award attorney's fees where removal was not objectively reasonable. *See Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055, 1061 (6th Cir. 2008). This standard does not require a showing that the Defendant's arguments for removal were without foundation. *Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 Fed. Appx. 485, 489 (6th Cir. 2013).

As discussed above, in the present case, the Plaintiff has not referenced any federal statute in the Complaint, and PACA contains a provision stating that its purpose is to supplement existing legal remedies, not replace them. 7 U.S.C. §499e(b). In light of these facts, the Court finds that removal was not objectively reasonable and an award of attorney's fees is appropriate. The Plaintiff **SHALL** file a memorandum of costs and expenses, including attorney's fees, incurred as a result of removal within fourteen (14) days of entry of this Memorandum Opinion. The Defendant shall be permitted to file any opposition to the Plaintiff's memorandum within fourteen (14) days of filing. *See Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997) ("[A] district court, after issuing an order of remand, may make an award of attorney fees and costs in a separate order.").

## IV. CONCLUSION

Accordingly, for the reasons state herein, Plaintiff's Motion to Remand to Chancery Court [**Doc. 5**] is hereby **GRANTED**, and the action will be **REMANDED** to the Chancery Court of Grainger County, Tennessee. The Plaintiff shall be awarded reasonable attorney's fees and costs upon further order of the Court.

ORDER ACCORDINGLY:

_____
United States Magistrate Judge